# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No. 0:24-cv-60946 |
| | ) |
| v. | ) |
| | ) |
| NAPOLEON TABOT, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT FOR PERMANENT INJUNCTION

The United States of America complains and alleges as follows:

1. The United States brings this action to enjoin the Defendant, Napoleon Tabot, any entity through which he conducts business, and all persons and entities in active concert or participation with him, from directly or indirectly:

   a. Aiding and assisting in the preparation of federal tax returns that he knows or should know will result in the understatement of any tax liability or the overstatement of a federal tax refund;

   b. Acting as a federal tax return preparer, including preparing, directing the preparation of, or assisting in the preparation of federal tax returns, amended returns, or other related documents and forms for others;

1

    c.      Owning, managing, controlling, working for, profiting from, or volunteering for any business or entity engaged in tax return preparation;

    d.      Using, maintaining, renewing, obtaining, transferring, selling, or assigning any PTIN(s) and EFIN(s);

    e.      Engaging in any activity subject to penalty under 26 U.S.C. §§ 6694, 6695, or 6701; and

    f.      Engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws and from promoting any false tax scheme.

2. This action has been requested and authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the Attorney General of the United States.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District.

## DEFENDANT AND HIS ASSOCIATES

5. Tabot earned an associate of arts in casino management, a bachelor of business administration, and a master of business administration.

6. Between 2008 and 2017, Tabot worked at the Seminole Hard Rock Casino in Hollywood, Florida.

7. Tabot's brother-in-law, Lovet Ayuk-Ako, incorporated tax preparation businesses Money Back Tax (MBT) in 2013 and Money Back Tax Holdings, LLC in 2018.

8. Arnold Zio worked a return preparer for Ayuk-Ako during tax year 2015.

## CRIMINAL CHARGE AND PLEA AGREEMENT

9. On March 25, 2024, Tabot pleaded guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 371. *See* Plea Agreement, *United States v. Napoleon Tabot*, Case No. 0:23-cr-60077-RKA (S.D. Fla. 2024), ECF No. 70.

10. As part of his plea agreement, Tabot acknowledged that the United States would file a civil complaint against him seeking an injunction. *Id.* ¶ 12.

11. As part of his plea agreement, Tabot agreed to be permanently enjoined, consistent with Federal Rule of Civil Procedure 65(d), and under 26 U.S.C. § 7402, from preparing, assisting in, directing, or supervising the

preparation or filing of federal tax returns for anyone other than himself and any entity for which he has a legal obligation to file a return. *Id*.

## DEFENDANT'S UNLAWFUL TAX RETURN PREPARATION PRACTICES

12. Tabot assisted in preparing other people's Forms 1040 – *U.S. Individual Income Tax Return* for compensation..

13. During tax years 2015 and 2016, Tabot recruited co-workers and other acquaintances from the Seminole Hard Rock Casino as clients for Ayuk-Ako.

14. Tabot collected tax forms from the recruited individuals and input these customers' information into a commercially available tax software system.

15. Ayuk-Ako and Zio prepared tax returns for these customers.

16. The tax returns Ayuk-Ako and Zio prepared for their customers included false deductions reported on the Schedule A – *Itemized Deductions* attached to the Form 1040 and false business income and expenses reported on the Schedule C – *Profit or Loss from Business* attached to the Form 1040.

17. The inflated deductions and falsified business income and expenses were used to fraudulently lower their customers' federal income tax liability and increase their tax refunds.

18. Ayuk-Ako also filed Forms 8888 – *Allocation of Refund* without his customers' knowledge or consent to divert a portion of their tax refunds into his personal bank account.

4

19. To conceal his theft, Ayuk-Ako falsified the amount of the refund on his customers' copies of the tax returns.

### **Fabricated Form Schedule A Deductions**

20. Tabot assisted in preparing tax returns reporting false itemized deductions on Form 1040, Schedule A - *Itemized Deductions*, to improperly or fraudulently reduce customers' taxable income. Schedule A is used by taxpayers who itemize deductions rather than use the standard deduction from adjusted gross income. When preparing a false Schedule A, Tabot includes falsified or inflated deductions for sales tax, property tax, charitable contributions, unreimbursed employee expenses, and gambling losses. By creating false Schedule A deductions, Tabot can offset his customers' earned income to fraudulently obtain a refund of taxes previously withheld and paid to the IRS.

21. Tabot assisted in claiming falsified deductions on the Schedule A, without his customers' knowledge or authorization.

22. These examples illustrate Tabot's participation in the scheme of creating fraudulent Forms Schedule A:

    a. Customer A.B.

        i. In or about early 2016, Tabot recruited A.B. as a customer for Ayuk-Ako.

      ii. Tabot obtained A.B.'s tax information and transmitted it to Ayuk-Ako.

     iii. Ayuk-Ako prepared and filed a 2015 Form 1040 for A.B. with unsubstantiated Schedule A deductions for sales tax, other taxes, vehicles, unreimbursed employee business expenses, and gambling losses. A.B. never incurred these expenses and did not provide Tabot or Ayuk-Ako with any documentation showing these expenses.

b. Customer G.A.

      i. In or about early 2016, Tabot recruited G.A. as a customer for Ayuk-Ako.

     ii. Tabot obtained G.A.'s tax information and transmitted it to Ayuk-Ako.

     iii. Ayuk-Ako prepared and filed a 2015 Form 1040 for G.A. with unsubstantiated Schedule A deductions for sales tax, charitable contributions, unreimbursed employee business expenses, and gambling losses. G.A. never incurred these expenses and did not provide Tabot or Ayuk-Ako with any documentation showing these expenses.

 c. Customer B.O.

   i. In or about early 2017, Tabot recruited B.O. as a customer for Ayuk-Ako.

   ii. Tabot obtained B.O.'s tax information and transmitted it to Ayuk-Ako.

   iii. Ayuk-Ako prepared and filed a 2016 Form 1040 for B.O. with unsubstantiated Schedule A deductions for sales tax, property tax, charitable contributions, and unreimbursed employee business expenses. B.O. never incurred these expenses and did not provide Tabot or Ayuk-Ako with any documentation showing these expenses.

 d. Customer I.S.

   i. In or about early 2017, Tabot recruited I.S. as a customer for Ayuk-Ako.

   ii. Tabot obtained I.S.'s tax information and transmitted it to Ayuk-Ako.

   iii. Ayuk-Ako prepared and filed a 2016 Form 1040 for I.S. with unsubstantiated Schedule A deductions for sales tax, charitable contributions, unreimbursed employee business expenses, and gambling losses. I.S. never

        incurred these expenses and did not provide Tabot or Ayuk-Ako with any documentation showing these expenses.

   e. Customer G.M.I.

      i. In or about early 2017, Tabot recruited G.M.I. as a customer for Ayuk-Ako.

      ii. Tabot obtained G.M.I.'s tax information and transmitted it to Ayuk-Ako.

      iii. Ayuk-Ako prepared and filed a 2016 Form 1040 for G.M.I. with unsubstantiated Schedule A deductions for sales tax, charitable contributions, unreimbursed employee business expenses, and gambling losses. G.M.I. never incurred these expenses and did not provide Tabot or Ayuk-Ako with any documentation showing these expenses.

   f. Customer T.P.

      i. In February 2017, Tabot recruited T.P. as a customer for Ayuk-Ako.

      ii. Tabot obtained T.P.'s tax information and transmitted it to Ayuk-Ako.

      iii. Ayuk-Ako prepared and filed a 2016 Form 1040 for T.P. with unsubstantiated Schedule A deductions for sales tax, charitable contributions, and unreimbursed employee business expenses. T.P. never incurred these expenses and did not provide Tabot or Ayuk-Ako with any documentation showing these expenses.

### COUNT I: INJUNCTION UNDER 26 U.S.C. § 7402
### FOR UNLAWFUL INTERFERENCE WITH ENFORCEMENT OF INTERNAL REVENUE LAWS

23. The United States incorporates by reference the allegations in paragraphs 1 through 22.

24. Section 7402(a) of the Internal Revenue Code authorizes a court to issue orders of injunction as may be necessary or appropriate to enforce the internal revenue laws.

25. Tabot has repeatedly and continually engaged in conduct that interferes substantially with the administration and enforcement of the internal revenue laws.

26. Unless enjoined, Tabot is likely to continue to engage in such conduct and interfere with the enforcement of the internal revenue laws.

27. Tabot's conduct has caused and will continue to cause substantial tax losses to the United States Treasury, much of which may be undiscovered and

unrecoverable. Unless Tabot is enjoined from preparing returns, the IRS will have to devote additional substantial and unrecoverable time and resources auditing his customers individually to detect understated liabilities and overstated refund claims. The detection and audit of erroneous tax credits and deductions claimed on returns prepared by Tabot would be a significant burden on IRS resources.

28. Enjoining Tabot from engaging in such conduct is in the public interest because an injunction, backed by the Court's contempt powers, is likely to stop Tabot's illegal conduct and the harm it causes to his customers and the United States.

29. An injunction under 26 U.S.C. § 7402 is necessary and appropriate because the United States has no adequate remedy at law.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, the United States of America, asks for the following:

A. That the Court find Tabot has repeatedly and continually engaged in the conduct described above, which is conduct that substantially interferes with the enforcement of the internal revenue laws, and the entry of injunctive relief against Tabot is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and 26 U.S.C. § 7402(a);

B.     That the Court, pursuant to 26 U.S.C. § 7402(a), enter a permanent injunction prohibiting Tabot, any entity through which Tabot conducts business, and all persons and entities in active concert or participation with Tabot, from directly or indirectly:

1. Owning, managing, assisting, or working at a business that prepares or assists in the preparation of tax returns, amended returns, or other tax-related documents or forms, including any electronically submitted tax returns or tax-related documents;

2. Preparing, assisting in the preparation of, or directing the preparation of federal tax returns, amended returns, or other tax-related documents or forms, including any electronically submitted tax returns or tax-related documents, for any entity or person other than himself;

3. Filing, assisting in the filing of, or directing the filing of federal tax returns, amended returns, or other tax-related documents or forms, including any electronically submitted tax returns or tax-related documents, for any entity or person other than himself;

4. Preparing, filing, or assisting in the preparation or filing of federal tax returns, amended returns, and other related documents and forms that he knows will result in the understatement of any tax liability of the overstatement of federal tax refunds;

    5. Maintaining any association with, or profiting from, a tax return preparation business;

    6. Instructing, teaching, or otherwise training any person in the preparation of federal tax returns, amended returns, and other related documents and forms;

    7. Maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number (PTIN) or an Electronic Filing Identification Number (EFIN);

    8. Engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, 6701, or any other penalty provision in the Internal Revenue Code; and

    9. Engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws;

C. That the Court order, without further proceedings, the immediate revocation of the Preparer Tax Identification Number (PTIN) that is held by, or assigned to, or used by Tabot pursuant to 26 U.S.C. § 6109, and the EFIN held by, assigned to, or used by Tabot;

D. That the Court enter an order allowing the United States to monitor Tabot's compliance with this injunction and to engage in post-judgment discovery in accordance with the Federal Rules of Civil Procedure;

E. That the Court retain jurisdiction over Tabot and this action to enforce any permanent injunction entered against him; and

F. That the Court grant the United States such other and further relief as the Court deems appropriate.

Dated: June 4, 2024                                    Respectfully submitted,

                                                        DAVID A. HUBBERT
                                                        Deputy Assistant Attorney General

                                                        **Andrew J. Weisberg**
                                                        Andrew J. Weisberg (#A5502718)
                                                        Trial Attorney, Tax Division
                                                        U.S. Department of Justice
                                                        P.O. Box 14198
                                                        Washington, D.C. 20044
                                                        (202) 616-3884 (v)
                                                        (202) 514-4963 (f)
                                                        Andrew.J.Weisberg@usdoj.gov
                                                        *For Plaintiff United States*

                                                        *Of Counsel:*

                                                        MARKENZY LAPOINTE
                                                        United States Attorney
                                                        Southern District of Florida